No. 22-17008

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KRISTIN HART, individually and as co-successor-in-interest to
decedent KYLE HART, et al.,

Plaintiffs–Appellees,

v.

CITY OF REDWOOD CITY, a municipal corporation,
ROMAN GOMEZ, individually and in his official capacity
as a police officer for the CITY OF REDWOOD CITY,

Defendants–Appellants.

On Appeal from an interlocutory order of the
United States District Court for the Norther District of California
Case No. 4:21-cv-2653, Hon. Yvonne Gonzalez Rogers

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*
URGING EN BANC REVIEW ON BEHALF OF
THE NATIONAL POLICE ACCOUNTABILITY PROJECT**

| | |
|---|---|
| Lauren Bonds | Jim Davy |
| Keisha James | ALL RISE TRIAL & APPELLATE |
| National Police Accountability Project | P.O. Box 15216 |
| 1403 Southwest Blvd. | Philadelphia, PA 19125 |
| Kansas City, KS 66103 | (215) 792-3579 |
| (504) 220-0401 | jimdavy@allriselaw.org |
| | |
| | Counsel for *Amicus Curiae* |

June 13, 2024

## MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF

The above-captioned proposed *amicus curiae* requests leave of the Court to file a brief in support of Appellant and urging en banc rehearing. *See* Fed. R. App. P. 29(b); Local Rule 29-2. The proposed brief addresses the role that mental disability played in this case and relevant case law from this Circuit and other Circuits about law enforcement responsibilities in encountering people with disabilities. It helps explain the importance of the legal questions at stake here, and urges en banc review to protect uniformity of case law on this topic. The proposed brief is attached to this motion. In support of the Court granting leave, the proposed *amicus curiae* states as follows:

1) Counsel for Appellees consents to the proposed *amici curiae* brief.

2) Counsel for proposed *amicus curiae* has not been able to ascertain Appellants' position on the proposed *amici curiae* brief.

3) The National Police Accountability Project was founded in 1999 by members of the National Lawyers Guild to address misconduct by law enforcement officers through coordinating and assisting civil-rights lawyers.

4) NPAP has approximately 550 attorney members practicing in every region of the United States, including over one hundred in California. Every year, NPAP members litigate the thousands of egregious cases of law enforcement abuse that do not make news headlines as well as the high-profile cases that capture national attention. NPAP provides training and support for these attorneys and resources for non-profit organizations and community groups working on police and correction officer accountability issues.

5) NPAP frequently participates as *amicus curiae* to protect the interests of these communities, both in the Supreme Court and before this Court. Most recently, at this Court, NPAP has participated as an *amicus curiae* in cases including *Coalition on Homelessness v. City and County of San Francisco*, No. 23-15087; *Parker v. County of Riverside*, No. 22-55614; *A.B. v. County of San Diego*, No. 20-56140; *Ohlson v. Brady*, No. 20-15656; *Fenty v. Penzone*, No. 21-71351; and *Hopson v. Alexander*, No. 21-16706.

6) Proposed *amicus curiae* and its members have perhaps more experience litigating issues of qualified immunity in federal

appellate courts, including this one, than any other members of the plaintiffs' bar.

7) Proposed *amicus curiae* has an interest in this case because the panel decision undertakes an unwarranted expansion of qualified immunity doctrine, and departs from important precedents of this Circuit. Proposed *amicus* has a particular interest in ensuring that civil rights laws that protect people from police misconduct continue to protect them without the obstacle of expanding qualified immunity doctrines.

8) Proposed *amicus curiae* seeks this Court's permission to submit the attached brief to urge rehearing en banc.

For these reasons, proposed *amicus curiae* respectfully requests that this Court grant it leave to appear as *amicus curiae*, and to file the attached brief for consideration of the Court.

Respectfully submitted,

/s/ Jim Davy
Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org

Date: June 13, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Motion for Leave filed by Jim Davy was served upon all counsel of record for parties and *amici*, via CM/ECF, on June 13, 2024. All participants in this case are registered CM/ECF users and will be served electronically via that system.

Respectfully submitted,

/s/ Jim Davy
Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org